Argued January 17; affirmed January 23, 1934.

## GRANTS PASS & JOSEPHINE BANK *v.* CITY OF GRANTS PASS ET AL.

(28 P. (2d) 879)

*Sidney J. Graham,* of Portland, and *O. S. Blanchard,* of Grants Pass, for appellant.

*James T. Chinnock,* of Grants Pass, on brief for respondents.

RAND, C. J. This is a proceeding for a declaratory judgment in which the plaintiff is seeking to have judicially determined the question of whether it is required by chapter 438, Laws 1933, to pay interest upon public funds deposited with it by the city of Grants Pass. The plaintiff is a banking corporation duly organized under the laws of this state and conducts its business in such city and has on deposit funds belonging to the city which were received for deposit under an agreement that no interest thereon should be paid.

Chapter 438, Laws 1933, applies to all public officers and employees in this state, except the state treasurer, who are by law made the custodians of or who have under their control any public funds. It authorizes any such officer or employee to deposit such funds in any bank or banks within the state upon certain conditions prescribed in the act. It provides that the depository bank may secure such deposits by delivering to the officer depositing the same certain specified securities, or by giving in lieu of such securities a bond in standard form prepared by the attorney-general and executed by a surety company authorized to do business in this state, "guaranteeing payment of the full amount of principal and interest of such deposit, and reasonable attorneys' fees incurred in protecting said fund". The bond shall be approved by the attorney for the municipal corporation or political subdivision making the deposit. It permits the officer or employee to retain such reasonable cash working fund as shall be fixed by the governing body of the political subdivision or municipal corporation concerned. It also

permits the officer or employee to deposit moneys coming into his hands with the treasurer of the municipal corporation or political subdivision concerned, taking his receipt therefor. It further provides that, if it is not possible for such officer to deposit or keep the funds in the manner above stated, then the municipal corporation or political subdivision may provide the method by which the funds shall be kept, as particularly specified in section 6 thereof. Whenever any such officer has complied with the provisions of the act, he shall be relieved of all personal liability on account of the loss of such funds due to burglary, robbery, depository failure, or failure of any insurance company. The particular section of the act over which this controversy has arisen is section 8, which provides as follows:

"The said depositories shall be required to pay said municipal corporation or political subdivision for the privilege of holding said moneys, interest on sums of $1,000 or more at such rate or rates, according to the character of the deposit, as shall be agreed upon between the governing body of the municipal corporation and the depository."

It is plaintiff's contention that the deposit in the plaintiff bank of the public funds of the city are demand deposits which may be withdrawn at any time and without notice, and that it is not in accordance with good banking procedure for a bank to pay or be required to pay interest on deposits of that character.

Undoubtedly every bank has the right to determine for itself whether it will accept a deposit or not and, unless controlled by some contrary rule of banking or statute, it has the right to agree upon the terms upon which the deposit shall be accepted. The contract created by the act of making the deposit and the

acceptance thereof by the bank is, like all other contracts, subject to the law existing at the time the deposit is made. In regulating the manner in which public funds may be deposited, the state was dealing with its own property and it had the right to prescribe the terms and conditions upon which public funds may be deposited by the custodian thereof in a bank and, while the state cannot compel the bank to accept the funds tendered for deposit, it can prescribe the manner in which they shall be accepted and the obligations which shall arise upon the part of the bank if it accepts them for deposit. Upon this question, therefore, the statute is controlling. The provision that ''said depositories shall be required to pay said municipal corporation or political subdivision for the privilege of holding said moneys, interest on sums of $1,000 or more at such rate or rates, according to the character of the deposit, as shall be agreed upon between the governing body of the municipal corporation and the depository'', is mandatory in terms and must be complied with by the depository and by the municipality whenever a deposit of public funds is made. To give to this statute any other construction would result in the elimination of the entire section and leave the statute as if that section had not been inserted into it. It would also render nugatory that part of the statute which requires that when a bond is furnished to the state it must contain a provision ''guaranteeing payment of the full amount of principal and interest of such deposit'', as provided in section 3 of the act. It is not reasonable to suppose that the legislature inserted those provisions into the act, intending that they should be given no effect whatsoever. It is true the act leaves the governing body of the municipality and the depository the right to agree upon what rate

of interest shall be charged, but, in order to give to this statute the effect intended by the legislature, it is necessary that some rate of interest shall be agreed upon and that the rate so established shall be paid.

We, therefore, hold that, where the plaintiff bank accepts deposits of public funds of the city of Grants Pass, some rate of interest must be agreed upon between the bank and the city and that such rate, after being agreed upon, must be paid by the bank if it cares to accept the deposits of the city.

The judgment, therefore, is affirmed.